# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-cv-386-LJO-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2) |

Plaintiff Gregory McClellan ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2010. Plaintiff seeks leave to proceed in forma pauperis.

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the

complaint is filed, under imminent danger of serious physical injury.[1]

The imminent danger exception is merely a threshold procedural question regarding whether a prisoner should be allowed to proceed in forma pauperis or pay the filing fee in full. As such, the Ninth Circuit has held that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough to satisfy the serious physical injury prong. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). So long as a prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of the filing," the exception may apply. Id. However, the prisoner must also allege that the danger is ongoing. Id. at 1056.

Plaintiff brings seven causes of action relating to his arrest and subsequent confinement on charges of failing to register as a sex offender. The only enumerated cause of action that involves physical harm is his seventh cause of action, which alleges that he was slammed face-first into the ground during his arrest. Without expressing an opinion with respect to whether Plaintiff has stated a claim for violation of his Fourth Amendment right to be free from excessive force, this cause of action does not meet the imminent danger exception because it involves an event that has already occurred. See id. at 1053 ("the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.")

Following his enumerated causes of action, Plaintiff alleges that he is in imminent danger because he is housed with inmates who are HIV-positive and have other communicable diseases.[2] Plaintiff alleges that is he forced to live in close quarters with these inmates and that they frequently use his personal hygiene items such as his razor and toothbrush without his permission. Plaintiff also alleges that the prison's inadequate ventilation system increases his risk of exposure. Plaintiff claims that the fear of contracting a communicable disease is having a significant impact on his

---

[1] The Court takes judicial notice of the following cases: McClellan v. Mountain, 1:08-cv-256-LJO-GSA (PC) (dismissed for failure to state a claim on 3/5/2009); McClellan v. Fink, 1:08-cv-1326-YNP (PC) (dismissed for failure to state a claim on 4/1/2009); and McClellan v. Haviland, 1:07-cv-1607-OWW-SMS (PC) (dismissed for failure to state a claim on 10/19/2009).

[2] Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally in determining whether he has satisfied the imminent danger exception. Andrews, 493 F.3d at 1055. Therefore, the fact that Plaintiff's allegations of imminent harm are contained in their own subsection, rather than in his enumerated causes of action, is insignificant.

mental health. The Court finds that these allegation state a plausible claim of ongoing harm sufficient to satisfy the imminent danger exception to § 1915(g). <u>See</u> <u>id.</u> At 1057 (claims of imminent risk of harm by exposure to hepatitis and HIV satisfy § 1915(g)); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004) (hepatitis and HIV are potentially serious physical injuries); <u>Ibrahim v. District of Columbia</u>, 463 F.3d 3, 7 (D.C. Cir. 2006) (failure to provide treatment for hepatitis satisfied § 1915(g)). Plaintiff's litigation history, therefore, does not impact his ability to proceed in forma pauperis in the instant action.

    Accordingly, it is hereby ORDERED that:

    1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is GRANTED;

    **2. The Warden of Kern County Jail or his designee shall collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.**

    3. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's in forma pauperis application on the Warden of the Kern County Jail at, Attn: Inmate Trust Account, 17695 Industrial Farm Rd, Bakersfield, CA 93308.

    4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

    5. Within sixty (60) days of the date of service of this order, plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if plaintiff has not already done so.

IT IS SO ORDERED.

Dated:   June 14, 2010          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE