# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No.  1:10-cv-0386-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES A COGNIZABLE FOURTH AMENDMENT CLAIM AND DISMISSING OTHER CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 21<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Gregory McClellan ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Prior to the Court screening Plaintiff's action, Plaintiff filed First and Second Amended Complaints.  (ECF No. 8, 11.)  The Court screened Plaintiff's Second Amended Complaint (ECF No. 11, 13), dismissed it for failure to state a claim, but gave leave to amend (ECF No. 12).  The Court screened Plaintiff's Third Amended Complaint, issued findings and recommendations for Plaintiff to proceed on his one cognizable claim, and dismissed Plaintiff's other claims.  (ECF No. 14.)  The Court

1

vacated the findings and recommendations after Plaintiff clarified several of his claims. (ECF Nos. 17-19.)  Plaintiff was given leave to file a Fourth Amended Complaint.  (ECF No. 19.)  Plaintiff's Fourth Amended Complaint is now before the Court for screening. (Am. Compl., ECF No. 21.)

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II. __PLAINTIFF'S CLAIMS__

Plaintiff names the following individuals and entities as defendants: 1) Donny Youngblood, Kern County Sheriff, 2) Kern County Sheriff's Office, 3) William G. Hakker, Deputy Sheriff in Kern County, 4) William G. Smallwood, Deputy Sheriff in Kern County, 5) S. Lozano, Parole Agent I in Bakersfield, California and employee of the California Department of Corrections and Rehabilitation ("CDCR"), 6) Louis Wood, Officer with Bakersfield Police Department, 7) Kenneth Perkins, Officer with Bakersfield Police Department, 8) T. Rodriguez, Deputy Officer at Kern County Jail Lerdo Facility, 9) Jane and John Does 1-7, Deputies/Officers at Kern County Jail Lerdo Facility, 10) Joel Lueck, Deputy Public Defender at Kern County Public Defender's Office, and 11) Deputy John Doe Contreras with the Kern County Sheriff's Office.

Plaintiff asserts causes of action for assault and battery, malicious prosecution, intentional infliction of emotional stress, abuse of process, punishment without due process of law, and loss of familial association.

More specifically, Plaintiff alleges as follows:

1.      Defendants Lozano, Wood, and Perkins slammed Plaintiff into the ground when arresting Plaintiff on August 17, 2009. (Am. Compl. at 3.)  Defendant Wood and Perks twisted Plaintiff's arms behind his back and placed their knees on his back. (Id. at 4.)  Plaintiff knelt on the ground and Defendant Lozano tackled him. (Id.)

2.      Defendants Youngblood, Hakker, Smallwood, and Lueck subjected Plaintiff to malicious prosecution. (Am. Compl. at 5-6.)  Defendants Youngblood, Hakker, and Smallwood arrested Plaintiff without probable cause. (Id. at 5.)  Defendant Lueck failed to properly

advocate for Plaintiff's innocence during his criminal hearings.  (Id. at 6.)

3.      Defendants Youngblood, Hakker, and Smallwood subjected Plaintiff to emotional distress by arresting Plaintiff without probable cause.  (Am. Compl. at 8.)

4.      Defendants Youngblood, and Hakker, and Smallwood subjected Plaintiff to an abuse of process under the Restatement of Torts.  (Am. Compl. at 9.)

5.      Defendants Jane Doe, John Doe, Youngblood and Contreras punished Plaintiff without due process of law by incarcerating him at Wasco State Prison even though he had not been given a prison sentence.  (Am. Compl. at 10, 11.)

6.      Defendant Youngblood, Hakker, Smallwood, and Lueck denied Plaintiff the ability to associate with his family by incarcerating him without any probable cause.  (Am. Compl. at 12.)

Plaintiff asks for injunctive relief, $4,950,000 in compensatory damages, and punitive damages.

III.    **ANALYSIS**

A.      **42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for

1 vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-
2 94 (1989).

3        To state a claim under § 1983, a plaintiff must allege two essential elements: (1)
4 that a right secured by the Constitution or laws of the United States was violated, and
5 (2) that the alleged violation was committed by a person acting under the color of state
6 law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d
7 1243, 1245 (9th Cir. 1987).
8

9        **C.    Fourth Amendment**

10        Plaintiff alleges that Defendants Lozano, Wood, and Perkins used unnecessary
11 force when arresting Plaintiff on August 17, 2009.
12
13        The Fourth Amendment protects an individual's right to be free from
14 unreasonable searches and seizures.  U.S. Const. amend. IV.  Encompassed within the
15 term "unreasonable seizure" is the right to be free from excessive force and protection
16 from "unreasonable intrusions on one's bodily integrity."  Fontana v. Haskin, 262 F.3d
17 871, 878-79 (9th Cir. 2001).  To state a Fourth Amendment claim, a plaintiff must show
18 that the amount of force used was unreasonable or that the manner in which the arrest
19 was effectuated was an unlawful intrusion into her bodily integrity.  Gregory v. County of
20 Maui, 523 F.3d 1103, 1106 (9th Cir. 2008); Fontana, 262 F.3d at 879.  Determining the
21 "reasonableness" of a particular action "requires a careful balancing of the nature and
22 quality of the intrusion on the individual's Fourth Amendment interests against the
23 countervailing governmental interests at stake."  Id.  (internal quotation marks omitted).
24 To determine the reasonableness of the use of force, the Court first must evaluate "the
25
26 type and amount of force inflicted."  Miller v. Clark County, 340 F.3d 959, 964 (9th Cir.
27 2003).  The Court must then consider the importance of the government interests at
28

stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest.  See Graham v. Connor, 490 U.S. 386, 396 (1989). Finally, the Court must balance the gravity of the intrusion on the individual against the government's need for that intrusion.   Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2000) (judgment vacated and case remanded for further consideration in light of Saucier v. Katz, 533 U.S. 194 (2001), by County of Humboldt v. Headwaters Forest Defense, 534 U.S. 801 (2001)) (judgment reaffirmed after remand by Headwaters Forest Defense v. County of Humboldt, 276 F.3d 1125, 1127 (9th Cir. 2002)).

Plaintiff alleges that Defendants Lozano, Wood, and Perkins arrested him for a parole violation based on Plaintiff's failure to update his address as he, a registered sex offender, was required to do.  During the arrest process, Defendants Lozano, Wood, and Perkins pushed Plaintiff's face into the pavement even though Plaintiff knelt on the ground and submitted to the arrest and even though his crime, failing to update his address, was not severe or violent.  He did not resist in any way or pose any immediate threat to Defendants.   Taking Plaintiff's allegations as true at this stage of the proceedings, Plaintiff has stated a Fourth Amendment claim against Defendants Lozano, Wood, and Perkins.

D.   **Malicious Prosecution**

Plaintiff alleges that Defendants Youngblood, Hakker, Smallwood, and Lueck subjected him to malicious prosecution.

To state a Section 1983 claim for malicious prosecution, a plaintiff must allege the elements of a state law malicious prosecution claim and establish that the

prosecution was conducted for the purpose of denying the plaintiff a specific constitutional right.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Usher v. City of L.A., 828 F.2d 556, 562 (9th Cir. 1987).  Under California law, to state a claim for malicious prosecution, Plaintiff must show that the proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with malice. Womack v. Cnty. of Amador, 551 F.Supp.2d 1017, 1031 (E.D.Cal. 2008); Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871, 254 Cal.Rptr. 336, 765 P.2d 498 (1989).

Plaintiff has failed to state a malicious prosecution claim against Defendants Youngblood, Hakker, Smallwood, or Lueck.  It is questionable whether Plaintiff could meet the first prerequisite of a malicious prosecution claim since none of these Defendants initiated the legal proceeding against Plaintiff, but instead simply acted to carry out the directions of prosecutors or others.  Regardless, there is no allegation that probable cause was lacking or that the action was terminated favorably to Plaintiff. Plaintiff has failed to state a malicious prosecution claim against these individuals and will not be given further leave to amend.

**E.    Intentional Infliction of Emotional Distress**

Plaintiff alleges that Defendants Youngblood, Hakker, and Smallwood subjected him to an intentional infliction of emotional distress.

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation

of the emotional distress by the defendant's outrageous conduct.  Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009).  Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.  Corales, 567 F.3d at 571.

Plaintiff has failed to state a cognizable intentional infliction of emotional distress claim against Defendants Youngblood, Hakker, and Smallwood.  From Plaintiff's allegations, it does not appear that Defendants acted with extreme and outrageous conduct.  They had a legitimate belief that Plaintiff had not properly registered as a sex offender at the time they arrested him.  Plaintiff's allegations as to the consequences of Defendants' actions are conclusory and provide no facts as to the emotional distress suffered.  Plaintiff has failed sufficiently to plead all of the elements required for an intentional infliction of emotional distress claim and will not be given further leave to amend this claim.

**F.   Abuse of Process**

Plaintiff alleges that Defendants Youngblood, Hakker, and Smallwood subjected him to an abuse of process by arresting him without probable cause.

Under California law, the tort of abuse of process requires misuse of a judicial process.  Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1037 (9th Cir. 2008).  "[T]he essence of the tort 'abuse of process' lies in the misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice."  Id. (internal quotations and citation omitted).  "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the

proceedings." <u>Rusheen v. Cohen</u>, 37 Cal.4th 1048, 1057, 39 Cal.Rptr.3d 516, 128 P.3d 713 (2006).

Plaintiff has failed to state an abuse of process claim against Defendants Youngblood, Hakker, and Smallwood.  These Defendants arrested Plaintiff, but did not otherwise initiate any judicial process against Plaintiff.  Plaintiff has also failed to allege that Defendants had an ulterior motive or committed a willful act in the improper use of process outside regular conduct of legal  proceedings.  Plaintiff has failed to state an abuse of process claim against these Defendants and will not be given further leave to amend.

### G.    Fourteenth Amendment Due Process

Plaintiff alleges that Defendants Youngblood, Contreras, Jane Doe, and John Doe violated his rights under the due process clause of the Fourteenth Amendment.

Plaintiff also seems to allege that Defendants Kern County Sheriff's Office, Youngblood, Hakker and Smallwood denied him the ability to associate with family members by arresting him without probable case.  Plaintiff does not state the statutory basis for this claim.  It appears best suited to a Fourteenth Amendment due process claim and the Court will analyze it as one.

The Ninth Circuit has provided a two-step analysis to analyze procedural due process claims.  First, the court must determine "whether a liberty or property interest exists entitling an individual to due process protections."  <u>Hewitt v. Grabicki</u>, 794 F.2d 1373, 1380 (9th Cir. 1986).  Second, "if a constitutionally protected interest is established, a balancing test is to be employed to determine what process is due."  <u>Id.</u> (citing <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334–35 (1976)).

Plaintiff has failed to state a cognizable Fourteenth Amendment claim against these Defendants.  Plaintiff had several hearings during the time he was incarcerated and was afforded all of the process required under the Fourteenth Amendment.  He will not be given further leave to amend this claim.

### H.    Injunctive Relief

Plaintiff seeks injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008).   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

Plaintiff has not identified any real and immediate threat of injury he faces.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").   The Court is unable to determine at this time how Plaintiff would suffer without the requested relief.

There is no allegation of impending harm and so nothing tips the balance of equities in Plaintiff's favor.   While the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment for that of the prison medical staff in these matters.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.  Plaintiff should not be given leave to amend this claim.

1    I.    **Linkage**

2        Under section 1983, Plaintiff must link the named Defendants to the participation

3    in the violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz.,

4    609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

5    (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not

6    be imposed on supervisory personnel under the theory of respondeat superior, Iqbal,

7    556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones,

8    297 F.3d at 934, and as an administrator, Defendant Yates may only be held liable if he

9    "participated in or directed the violations, or knew of the violations and failed to act to

10   prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca,

11   652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v.

12   Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board

13   of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189,

14   1204 (9th Cir. 1997).   Some culpable action or inaction must be attributable to

15   Defendant and while the creation or enforcement of, or acquiescence in, an

16   unconstitutional policy, as alleged here, may support a claim, the policy must have been

17   the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267

18   F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435,

19   1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

20       Plaintiff has failed to link Defendants Rodriguez or Does 1-7 to any of his claims.

21   These Defendants should be dismissed from this action.

22   **IV.   CONCLUSION AND RECOMMENDATION**

23       Plaintiff's Fourth Amended Complaint states a cognizable claim for relief against

24   Defendants Lozano, Wood, and Perkins for unreasonable seizure in violation of the

25   Fourth Amendment arising out of their actions at the time of Plaintiff's arrest.  Plaintiff

26   has failed to state any other cognizable claims against any other Defendants.  These

27   deficiencies are not capable of being cured through amendment and therefore, the

28

Court recommends that this action proceed on Plaintiff's viable Fourth Amendment claim and the other claims and defendants be dismissed. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed as one for damages on Plaintiff's Fourth Amendment unreasonable seizure claim against Defendants Lozano, Wood, and Perkins arising out of Plaintiff's arrest;

2. Plaintiff's malicious prosecution claim against Defendants Youngblood, Hakker, Smallwood, and Lueck be DISMISSED with prejudice;

3. Plaintiff's intentional infliction of emotional distress claim against Defendants Youngblood, Hakker, and Smallwood be DISMISSED with prejudice;

4. Plaintiff's abuse of process claim against Defendants Youngblood, and Hakker, and Smallwood be DISMISSED with prejudice;

5. Plaintiff's due process claim against Defendants Jane Doe, John Doe, Youngblood, and Contreras be DISMISSED with prejudice;

6. Plaintiff's due process claim for loss of familial association against Defendants Youngblood, Hakker, Smallwood, and Lueck be DISMISSED with prejudice; and

7. Defendants Youngblood, Smallwood, Hakker, Kern County Sheriff's Office, Rodriguez, Does 1-7, Lueck, and Contreras be DISMISSED from this action with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and

Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).\

IT IS SO ORDERED.

Dated:   <u>June 2, 2014</u>          <u>    /s/ Michael J. Seng</u>
                                      UNITED STATES MAGISTRATE JUDGE