1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6            EASTERN DISTRICT OF CALIFORNIA
7

8   | GREGORY McCLELLAN, | Case No. 1:10-cv-00386-LJO-MJS (PC) |

9              Plaintiff,     **ORDER DENYING RECONSIDERATION
                              OF ORDER ADOPTING FINDINGS AND
10       v.                   RECOMMENDATIONS
                              (ECF Nos. 24, 28, 29)**
11  KERN COUNTY SERIFF'S OFFICE, et
    al.,                      **ORDER DENYING AS MOOT REQUEST
12                            THAT CLERK FILE OBJECTIONS TO
             Defendant(s).    FINDINGS AND RECOMMENDATIONS
13                            (ECF No. 30)**
14
15
16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983. On June 2, 2014, the Magistrate Judge assigned

19   to this matter issued Findings and Recommendations that Plaintiff's Fourth Amended

20   Complaint stated a Fourth Amendment unreasonable seizure claim against Defendants

21   Lozano, Wood, and Perkins arising out of their actions at the time of Plaintiff's arrest, and

22   that all other claims and Defendants be dismissed. Objections to the Findings and

23   Recommendations were due not later than June 19, 2014. Plaintiff filed Objections on June

24   23, 2014.[1] Entry of the untimely Objections into the docket was delayed because Plaintiff

25   used an incorrect case number. On June 25, 2014, the Findings and Recommendations

26   were adopted in full without review of Plaintiff's Objections.

27        Plaintiff now asserts his untimely Objections, requesting they be filed and that the

28   _____

[1] Accordingly, Plaintiff's request for judicial notice that his Objections were timely filed, (ECF No. 27) is
denied. See Fed. R. Evid. 201.

1  undersigned grant reconsideration of the June 25th Order Adopting Findings and

2  Recommendations.[2]

3  **I.    LEGAL STANDARDS**

4          Rule 60(b)(2) allows the Court to relieve a party from judgment on the basis of newly

5  discovered evidence. The moving party must demonstrate that it exercised due diligence in

6  obtaining information and that evidence is material and controlling and clearly would have

7  produced different result if presented before original judgment. *New Hampshire Ins. Co. v.*

8  *Martech USA, Inc.*, 993 F.2d 1195, 1201 (5th Cir. 1993). The court may rule upon a motion

9  to vacate based upon newly discovered evidence in its sound discretion. *Dugan v. U.S.*,

10  521 F.2d 231, 233 (5th Cir. 1975). The motion must be brought within one year of entry of

11  judgment. Fed. R. Civ. P. 60(c)(1).

12          Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

13  justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent

14  manifest injustice and is to be utilized only where extraordinary circumstances exist.

15  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The motion must be brought within a

16  reasonable time. Fed. R. Civ. P. 60(c)(1).

17          Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different

18  facts or circumstances are claimed to exist which did not exist or were not shown upon [the]

19  prior motion, or what other grounds exist for the motion," and "why the facts or

20  circumstances were not shown at the time of the prior motion."

21  **II.    DISCUSSION**

22          Plaintiff re-argues previously dismissed claims for malicious prosecution, abuse of

23  process, intentional infliction of emotional distress (IIED) and due process violations arising

24  out of his claimed illegal arrest for failure to register as a sex offender.[3] His essential

25  contention is that Defendants intentionally provided false probable cause for the arrest and

26

27  [2] On July 24 2014, Plaintiff filed with the Ninth Circuit Court of Appeals a Notice of Appeal (see ECF No. 32; Appeal No. 14-16426) from the Order Adopting Findings and Recommendations. This Court rules on the motion for reconsideration of the Order, pending appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(4).

28  [3] Plaintiff does not otherwise object to the Findings and Recommendations or argue for reconsideration of the Order Adopting Findings and Recommendations.

2

subsequent prosecution which terminated in his favor. These claims are discussed below. For the reasons stated, Plaintiff has not shown legal or factual error in the Court's June 25, 2014 Order Adopting Findings and Recommendations.

### A.    Malicious Prosecution

Malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise to subject a person to a denial of constitutional rights is cognizable under § 1983." *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998); *Ayala v. KC Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).

Under California law, a malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at direction of the malicious prosecution defendant was: (1) pursued to legal termination favorable to plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Ayala,* 426 F.Supp .2d at 1083. The malice element is established when the former prosecution was commenced in bad faith to vex, annoy or wrong the adverse party and may, but need not necessarily be inferred from want of probable cause. *Id.*

### 1.    False Probable Cause Declaration

Plaintiff objects that his malicious prosecution claim against Defendant Kern County Sheriff employees Youngblood, Hakker, and Smallwood was wrongly dismissed. He alleges these Defendants conducted the initial investigation and intentionally provided a false probable cause declaration to the prosecution and suppressed evidence of Plaintiff's innocence. These actions, Plaintiff maintains, caused charges to be wrongfully filed. Charges on which Plaintiff was arraigned and held over to answer.

Plaintiff attaches to his motion the November 17, 2009 arrest report which shows he was charged with failing to register at his current address and making a false statement of address on his registration form. The arrest report includes as probable cause Plaintiff's failure to register within five days of a July 11, 2009 change in residence, and his July 24 2009 registration at an address not his residence. (See ECF No. 24 at 19.) He also attaches the underlying registration forms that, according to Plaintiff, show he did correctly

register in both these instances. (Id. at 20-30.)

Under California law, a charging document itself creates a prima facie presumption that probable cause existed for the underlying prosecution. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166 (9th Cir. 2011). This presumption may be rebutted if the charge was based on false evidence. *Id.*, citing *Williams v. Hartford Ins. Co.*, 147 Cal.App.3d 893, 900 (1983).

Here, Plaintiff has not made a showing that the criminal prosecution was terminated in his favor for lack of probable cause. Even if Plaintiff had shown a lack of probable cause, nothing in the instant motion for reconsideration suggests any probable cause error was attributable to Defendants' intentional and malicious desire to violate Plaintiff's rights. Likewise allegations in the Fourth Amended Complaint.  Cf. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002) (holding that coroner's knowing or reckless false statements that led to plaintiff's arrest and prosecution were sufficient to state a § 1983 claim).

Plaintiff's cited case law is not authority otherwise. See *Marsh v. San Diego County*, 432 F.Supp.2d 1035, 1051 (S.D. Cal. 2006) (malicious prosecution stated where defendants prosecuted plaintiff fraudulently and with malice and in order to violate his rights); *Pierce v. Gilchrist*, 359, F.3d 1279, 1995-96 (10th Cir. 2004) (malicious prosecution stated where knowingly false evidence becomes basis for state to prosecute the offense).

Plaintiff's assertion that malice is implicit because probable cause was ultimately found lacking is not supported in fact or law. No facts suggest his criminal proceeding was dismissed on grounds of lack of probable cause. Moreover, his contention that a lack of probable cause is malice per se, is unsupported by legal authority. "A lack of probable cause can support an inference of malice, but it is insufficient evidence by itself." *Hampton-Stein v. Aviation Finance Group, LLC*, 472 Fed.Appx. 455, 457 (9th Cir. 2012), citing *Drummond v. Desmarais*, 176 Cal.App.4th 439, 449-51 (2009); accord, *McCellan v. Coale*, 842 F.2d 1291, (4th Cir. 1988), citing *Hooke Kennedy v. Crouch*, 191 Md. 580 (1948) (malice may not be inferred from a lack of probable cause alone).

1

2.      Favorable Termination

2

A prosecution ends favorably when it "tends to indicate the innocence of the

3

accused." *Hobbs v. City of Long Beach*, 534 Fed.Appx. 648, 650 (2013), citing *Jaffe v.*

4

*Stone,* 18 Cal.2d 146, 114 P.2d 335, 338 (1941). "When the proceeding terminates other

5

than on the merits, the court must examine the reasons for termination to see if the

6

disposition reflects the opinion of the court or the prosecuting party that the action would

7

not succeed." *Sierra Club Found. v. Graham,* 72 Cal.App.4th 1135, 85 Cal.Rptr.2d 726, 734

8

(1999).

9

Here, Plaintiff asserts the criminal charges were terminated in his favor. He attaches

10

to his Objections the Reporter's Transcript of his preliminary hearing. The Reporter's

11

Transcript indicates the criminal proceeding was dismissed on the State's motion and with

12

the State's expressed intent to refile. (See ECF No. 24 at 14-16.) This does not

13

demonstrate the opinion of the prosecutor or trial court that the criminal action lacked merit

14

or would have resulted in a decision in Plaintiff's favor, *Minasian v. Sapse*, 80 Cal.App.3d

15

823, 145 Cal.Rptr. 829, 831-32 (1978), or that the criminal action was dismissed because

16

Plaintiff was innocent of the charges, *Pitt v. District of Columbia*, 491 F.3d 494, 501

17

(C.A.D.C. 2007); Marsh, 432 F.Supp.2d at 1052. Plaintiff does support a favorable

18

termination for purposes of malicious prosecution.

19

**B.      Abuse of Process, IIED, and Due Process Claims**

20

Plaintiff objects that, because the malicious prosecution claim is cognizable, then so

21

too are claims for IIED, abuse of process and denial of due process. These arguments fail

22

because reconsideration of dismissal of the malicious prosecution claim is denied for

23

reasons stated above.

24

**C.      Injunctive Relief**

25

Plaintiff argues that he needs and is entitled to injunctive relief because he will be

26

paroled to Bakersfield and fears Defendants will again attempt to harm him. The Magistrate

27

Judge recommended denying injunctive relief because nothing in the Fourth Amended

28

Complaint suggested immediate threat of injury and impending harm. Nothing in the

5

reconsideration motion before the Court suggests legal or factual error in this determination, or that Plaintiff is otherwise under threat of harm from Defendants. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury). Plaintiff's assertion of a post-parole threat from Defendants is based solely on speculation and thus insufficient to support relief.

### D.    Denial of Leave to Amend

Plaintiff argues he was wrongly denied leave to amend the above claims. However, as noted by the Magistrate Judge, Plaintiff having been advised of deficiencies in his claims and offered the opportunity to correct them, failed to so do. The Magistrate Judge reasonably concluded further amendment was futile.

### E.    Request Clerk File Objections

Plaintiff's request that the Clerk file the Objections is moot. The Objections were filed on June 23, 2014. (See ECF No. 24.).

## III.    CONCLUSIONS AND ORDER

Plaintiff's untimely Objections to the Findings and Recommendations lack merit and his motion for reconsideration based thereon fails to demonstrate any error of fact or law in the undersigned's adoption of the Findings and Recommendations. The Objections have been filed and the motion that the Clerk do so is moot.

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1.    Plaintiff's motion for reconsideration of the Order Adopting Findings and Recommendations (ECF Nos., 24, 28, 29) is DENIED on the merits, and

2.    Plaintiff's motion that his Objections to Findings and Recommendations be filed (ECF No. 30) is DENIED as moot.

IT IS SO ORDERED.

Dated:   __August 6, 2014__          ____/s/ Lawrence J. O'Neill__
                                     UNITED STATES DISTRICT JUDGE