UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-00386-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT PLAINTIFF'S MOTION FOR RULING (ECF No. 51),**<br><br>**(2) DENY PLAINTIFF'S MOTION FOR COURT CERTIFICATION (ECF No. 41),**<br><br>**(3) DENY PLAINTIFF'S MOTION TO STAY COURT PROCEEDINGS (ECF NO. 54), AND**<br><br>**(2) DISMISS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE (ECF No. 53)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fourth amended complaint (ECF No. 21) against Defendants Lozano, Wood, and Perkins for unreasonable seizure in violation of the Fourth Amendment. (See ECF Nos. 23 & 25.)

Plaintiff's claims against Defendants Youngblood, Hakker, Smallwood, Rodriguez, Jane and John Does 1-7, Lueck, Contreras, and the Kern County Sheriff's Office were dismissed. (ECF No. 25.)

Plaintiff was ordered to submit service documents within thirty days of the Court's June 25, 2014 screening order. (ECF No. 25.) Plaintiff sought and received four extension of time to submit service documents. (ECF Nos. 31, 40, 47, 53.) He also filed two appeals of the Court's screening order; both were dismissed for lack of jurisdiction. (ECF Nos. 32, 38, 41, 45.) With his second notice of appeal, Plaintiff filed a "Request for Court Certification," which appears to seek partial judgment as to the dismissed defendants pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 41.) Plaintiff wishes to appeal the dismissal of Defendants Youngblood, Hakker, Smallwood, Rodriguez, Jane and John Does 1-7, Lueck, Contreras, and the Kern County Sheriff's Office after his certification request is granted, or, if his request is denied, to appeal that denial. The Court has yet to rule on the Request for Court Certification. Plaintiff has filed a motion for ruling on his request. (ECF No. 51.)

Plaintiff has not submitted his service documents and the deadline for doing so has passed. Plaintiff instead has filed a motion to stay proceedings pending a ruling on his Request for Court Certification. (ECF No. 54.)

**I.  MOTION FOR RULING**

Plaintiff has filed a motion for ruling on his Request for Court Certification. (ECF No. 51.) The motion for ruling should be granted. The Request for Court Certification is addressed herein.

**II. REQUEST FOR COURT CERTIFICATION**

Plaintiff seeks a final judgment as to the dismissed defendants in order to immediately appeal the screening order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 41.)

Generally, an appellate court will not review a district court's ruling until after entry of a final judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 478 (1978).

Where, as here, a decision or order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, [it] does not end the action as to any of the claims or parties" and does not constitute a final judgment. See Fed. R. Civ. P. 54(b). However, Federal Rule of Civil Procedure allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Thus, a Rule 54(b) judgment may be immediately appealed. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtis-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Partial judgment under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues [still pending before the trial court] will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." Frank Briscoe Co., Inc. v. Morrison–Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir.1985).

Here, final judgment as to the dismissed defendants is not appropriate. This is not an "unusual case." Morrison-Knudsen Co., Inc., 655 F.2d at 965. Indeed, the Court is faced with similar claims almost daily. Moreover, the Court does not find that there are any pressing needs that require an early and separate judgment as to the dismissed defendants. Finally, multiplying the number of proceedings in this case will not ensure efficient use of court resources. To the contrary, Plaintiff's prior attempts at a piecemeal appeal, and the resultant delay in serving Defendants Lozano, Wood, and Perkins, demonstrate that entry of a Rule 54(b) judgment would frustrate the prompt and efficient

3

resolution of this case. The Court does not find that there is "no just reason for delay." Fed. R. Civ. P. 54(b).

Accordingly, Plaintiff's request for court certification should be denied.

### III.  MOTION TO STAY COURT PROCEEDINGS

Plaintiff requests a stay pending the ruling on his Request for Court Certification. In light of the recommendation that his Request be denied, it also is recommended that his request to stay further proceedings be denied.

### IV.  FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE

On November 3, 2014, Plaintiff filed his fourth request for extension of time, seeking an additional sixty days in which to submit service documents. On November 17, 2014, the Court concluded that Plaintiff has not presented good cause for such an extension, but nonetheless granted Plaintiff a fourteen day extension of time. The Court's order advised Plaintiff that no further extension of time would be granted, absent a showing of changed circumstances or other good cause. He was advised that he would be required to proceed with service on Defendants Lozano, Wood, and Perkins regardless of how the Court ruled on the Request for Court Certification.

The Court specifically stated that it found no reason why its pending ruling on Plaintiff's request for certification should interfere with service on Defendants Lozano, Wood, and Perkins. Plaintiff was warned that further requests for extension of time based on his Request for Court Certification and intent to file further appeals would not constitute good cause. He also was warned that his failure to submit service documents within the fourteen days allowed would result in a recommendation that the action be dismissed, with prejudice, for failure to prosecute. Nevertheless, the fourteen day deadline has passed without Plaintiff filing his service documents or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

5

paid the filing fee for this action and likely is unable to pay, making monetary sanctions of little use.

Accordingly, the Court will recommended that Plaintiff's action be dismissed with prejudice for failure to prosecute and failure to obey a court order.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for ruling (ECF No. 51) be GRANTED;
2. Plaintiff's request for court certification (ECF No. 41) be DENIED;
3. Plaintiff's motion to stay court proceedings (ECF No. 54) be DENIED; and
4. This action be dismissed, with prejudice for failure to prosecute and failure to obey a court order (ECF No. 53).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  December 11, 2014          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE