

ORIGINAL
FILED
JUN 29 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Gregory McClellan, AI-6066
CMC-West/G-22-20 Low
P.O. Box 8101
San Luis Obispo, CA. 93409
Appearing Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>    Plaintiff,<br><br>v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et. al.,<br><br>    Defendants. | Case No. 1:10-cv-00386-LJO-MJS (PC)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE, AS TO DEFENDANT LOUIS WOODS AND KENNETH PERKINS |

    COMES NOW, Plaintiff GREGORY McCLELLAN, humbly submits his Opposition to Defendants' Motion to Compel Further Responses to Interrogatoris, Set One, as to Defendants LOUIS WOODS and KENNETH PERKINS.

### FACTUAL BACKGROUND

    On or about August 17, 2009, Plaintiff attempted to surrender peacefully after a very short foot chase by then unknown defendant parole agent S. Lozano. After Plaintiff cleared the street (Union Avenue on the west side of the street), plaintiff stepped up onto the median and knelt down slowly with his hands behind his back. Mr. defendant S. Lozano them rammed the plaintiff in his lower back and grabbed plaintiff around the upper torso and 'tackled' or 'slammed' plaintiff to the street island solid concrete pavement and plaintiff's nose burst on impact and bleed profusely. Plaintiff was in total submission as his hands were behind his back when defendant S. Lozano "suckered tackled" plaintiff, causing the plaintiff to land face-first and to suffer a head contusion and three (3) broken vertebrae (L3, L4, and L5).

    Plaintiff also suffered painful facial abrasions, a busted and bloody lip, a head contusion, aggravated plaintiff's degenerative disc disease of his lower spine

and also aggravated arthritis in his hips (the right hip now needs replacement due to the violent traumatic injury, causing severe osteoarthritis and thus the need for the right hip replacment), and the plaintiff also suffers from Post-Traumatic Stress Disorder (PTSD) which has no known cure.

The three (3) fractured vertebrae (L3, L4, and L5), hip injury, painful facial abrasions, busted lip, busted nose with profuse bleeding, head contusion, the PTSD, and the severe osteoarthritis of the right hip due to the violent trauma of being tackled or slammed face-first to the street island concrete pavement by defendant LOZANO; and the other two (2) defendants PERKINS and WOOD, all three (3) of the defendants placed their body weight on the plaintiff (over 400 pounds) who lay face down incapacitated. The plaintiff's PTSD has existed from 8-17-2009 to present, and plaintiff continues to experience flashbacks - reliving the trauma over and over again with symptoms of a racing heart and sweating, bad dreams, and frightening thoughts.

Plaintiff has diligently pursued his action, and the Honorable Court took a year to rule on his Fourth Amended Complaint (FAC), yet plaintiff humbly realizes that the Eastern District Court is responsible for a huge territory. To the thanks of the Honorable Court, plaintiff has been allowed to proceed on his claim of **excessive force by defendants WOOD and PERKINS (and LOZANO,** who is represented by different counsel).

**RELEVANT PROCEDURAL HISTORY RE DISCOVERY DISPUTE**

Plaintiff has fully complied with the discovery requested by defendants, yet they continue to seek information that is equally available to them. Plaintiff has stated the facts that support his claim against defendant Louis Woods and Kenneth Perkins for 'excessive force'.

The defendants cited Mulero-Abreu v. Puerto Rico Police Dept. (1st Cir. 2012) 675 F.3d 88, 93, and after reviewing the case, plaintiff by letter met and conferred and reminded Hon. Counsel Heather Cohen that my complaint set out the facts of my civil rights action for 'excessive force' and that they were clear. I

1  also kindly said, I am not asking you to look for a needle in a haystack, as the
2  Mulero-Abreu, supra., case states or opines.

3  Plaintiff further stated he chose not to include Sergeant Leonard Larson
4  (Badge #573) in the action as Mr. Larson was fair to advise the defendants to not
5  pursue a case against plaintiff, as 'excessive force' was used.  Sergeant Leonard
6  Larson (Badge #573) chose not to cover-up the INCIDENT, and the plaintiff heard the
7  conversation between one of the arresting officers and Sergeant Larson, when the
8  plaintiff was handcuffed in the back of the police car (the Bakersfield Police Dept.).
9  Plaintiff also chose not to include Agent Mike Pitcher in his claim because Mr. agent
10  Pitcher (Mike Pitcher) is known by the plaintiff to be firm but fair.

11  Plaintiff continued to refer to the 'Discovery and Scheduling Order' and
12  it clearly states that "A moving party should not seek to compel production of docu-
13  ments which are equally available to that moving party."  The defendants are using
14  Appleby & CO, Inc., to get information from CDCR, CMC, Kern County Sheriff's Dept.,
15  Kern Medical Center, and Kern County Superior Court.  Plaintiff feels that defendants
16  are using red herrings to avoid dealing with the merits and facts of this case based
17  on the violation of plaintiff's civil rights under the Fourth Amendment of the United
18  States Constitution.

19  LEGAL ARGUMENT

20  Plaintiff has provided meaningful responses to all Interrogatories and
21  their motion is much ado about nothing, another red herring.  Plaintiff's responses
22  mirror the ones given to him by the defendants in this matter.  Plaintiff can supple-
23  ment his responses with a verification if that is what the defendants are requesting.
24  However, on page 5 of Plaintiff's Response to Interrogatories, Set One, he very does
25  clearly swear under oath:

26  **Oath**

27  I swear under penalty of perjury that the foregoing Responses to
to 'Interrogatories, Set One' are answered fully by the plaintiff under oath.
28  Executed on April 9, 2015, at San Luis Obispo, California  93409.

3

1  First, the Plaintiff will not provide information that these peace officer
2  defendants have full access to.  Again, the facts are stated in the complaint and the
3  Plaintiff is not asking the defendants to find a needle in a haystack, Mulero-Abreu,
4  supra.  Defendants have access to Plaintiff'f full criminal history, all arrests, and
5  Plaintiff's full conviction history as all this 'discovery' is very clearly public
6  information.  This is purely and lucidly clear a red herring and much ado about no-
7  thing to request Plaintiff's arrest history and conviction history.

8  Plaintiff's discovery responses are entirely adequate and the Plaintiff
9  shouldn't be ordered to amend his responses on such small juvenile matters requested by
10 these defendants.  Plaintiff initiated this action and, plaintiff continues to give
11 the defendants the bases for his claims, all damages suffered, and so forth and so on.
12 Plaintiff has not neglected any obligation to fully respond to discovery and has not
13 abrogated the defendants' entitlement to complete discovery responses.

14 Plaintiff has verified his complaint and verified his discovery responses
15 clearly and the defendants need to realize that although Plaintiff is not an attorney
16 ...Plaintiff is college educated in some regards.  Plaintiff does know how to read,
17 to write, and follow instructions.  The Honorable Court need not order anything fur-
18 ther as the defendants either have it or have access to it.  (Its under their reach or
19 control, or they have the right to obtain it)

## CONCLUSION

21 The Plaintiff has not failed to provide  legally sufficient responses to
22 discovery,are as such, the defendants have it.  The Honorable Court should not order
23 Plaintiff to serve amended responses to this discovery within 15 days.

24 Dated: June 23, 2015                    GREGORY McCLELLAN

                                          *Gregory McClellan* /s/
                                          Plaintiff, Appearing Pro Se

4

**(VERIFICATION- 446, 2015.5 C.C.P.)**

**STATE OF CALIFORNIA**
**COUNTY OF SAN LUIS OBISPO**

I am the party of the above entitle actions, a citizen of the United States, over the age of eighteen years and a resident of San Luis Obispo County. My current address is:

      Gregory McClellan    **CDCR No.:** AI-6066
      **California Men's Colony-West**
      **P.O. Box 8103 / Unit** G **Dorm** 22 **Bed** 20 Low
      **San Luis Obispo, California 93403-8103**

**I CERTIFY (OR DECLARE), UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON** 6-24 -15**, AT SAN LUIS OBISPO, CALIFORNIA, 93403-8103**

      *Gregory McClellan*
      **PETITIONER (Signature)**

---

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**
**COUNTY OF SAN LUIS OBISPO**

I am ~~not~~ the party of the above entitle actions, a citizen of the United States, over the age of eighteen years and a resident of San Luis Obispo County. My current address is:

**ON** June 24th, 2015    **I SERVED THE WITHIN** Plaintiff's Opposition to Defendants' Motion to Compel Further Responses to Interrogatories, Set One, **ON THE PARTY** As to Defendant Louis Woods and Kenneth Perkins
      (See Below)

**IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CA 93403-3103, ADDRESS AS FOLLOWS:** Marderosian, Cercone & Cohen
      A Professional Corporation
      1260 Fulton Mall
      (Attorneys-at-Law)
      Fresno, CA. 93721-1915
      (City Attorney Virginia Gennara (Bakersfield, CA.
      served at this address as associate counsel)

**I CERTIFY (OR DECLARE), UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON** 6-24-15 **, AT SAN LUIS OBISPO, CALIFORNIA, 93403-8103.**

      *Gregory McClellan*
      **DECLARANT (Signature)**
      Gregory McClellan, Plaintiff
      Appearing Pro Se