| | |
|---|---|
| GREGORY MCCLELLAN, <br><br>   Plaintiff, <br><br>   v. <br><br> KERN COUNTY SHERIFF'S OFFICE, et al., <br><br>   Defendant. | 1:10-cv-0386-LJO-MJS (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS** <br><br> **(ECF No. 83)** <br><br> **OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. The action, filed in March 2010, proceeds on Plaintiff's excessive force claim against Defendants Perkins, Lozano, and Woods. (ECF No. 23.) Defendants have been served and have appeared in the action (ECF Nos. 71 & 73).

On May 18, 2015, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status on the ground that he had already accrued three strikes and his pleadings did not satisfy the "imminent danger" exception outlined in 28 U.S.C. § 1915(g). (ECF No. 83.) Plaintiff opposed the motion on June 24, 2015. (ECF No. 90). Defendants filed a reply on July 1, 2015. (ECF No. 94.)

## I. LEGAL STANDARD

The *in forma pauperis* statute, 28 U.S.C. § 1915, distinguishes incarcerated indigent people from unincarcerated ones. Unlike non-prisoner plaintiffs, who may avoid prepayment of fees entirely under § 1915(a)(1), section 1915(b) requires an indigent prisoner to submit a copy of his or her trust account statement, make an initial upfront payment, and submit subsequent monthly installments until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2). Section 1915(g) places an additional limitation on the availability of IFP status for certain inmates, providing that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he will not be eligible for IFP status unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The inquiry into whether an inmate is under imminent danger is not an extensive one and a prisoner's allegations are not subjected to "overly detailed" factual review by the Court. Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015)(citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007)). The purpose of § 1915(g) is to stem the tide of lawsuits brought by prisoners, particularly those who had previously filed meritless claims, not to "spawn[] additional litigation and creat[e] mini-trials over whether a prisoner has shown an imminent danger." Williams, 775 F.3d at 1190. Thus, "prisoners qualify for the exception based on the alleged conditions at the time the complaint was filed. And qualifying prisoners can file the entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews, 493 F.3d at 1052. "An affidavit or declaration by the prisoner that alleges an ongoing danger

2

at the time of the filing [of the complaint] will ordinarily suffice to end the inquiry and allow the prisoner to proceed *in forma pauperis*." Williams, 775 F.3d at 1190.

Although the Second Circuit has additionally required a "nexus" between an inmate's allegations of imminent danger and his underlying legal claims, Pettus v. Morgenthau, 554 F.3d 293 (2d Cir.2009), the Ninth Circuit has yet to consider the question, and has urged caution in creating "any extension of § 1915(g)'s provisions." Williams, 775 F.3d at 1189.  Nonetheless, the Williams court did seem to suggest that some connection was required, permitting plaintiff to proceed IFP upon finding her "allegations [of imminent danger were] clearly related to her initial complaint." 775 F.3d at 1190.

## II. ANALYSIS

### A. Plaintiff has three strikes.

Plaintiff is a frequent filer, and the Court previously found that Plaintiff had accrued three strikes. (ECF No. 4, at 2 n.1.)  Although Plaintiff disputes this, upon reexamination, the Court confirms that Plaintiff has in fact had at least three strikes.[1]  Thus, under 28 U.S.C. § 1915(g), Plaintiff would not be entitled to IFP status unless he was "under imminent danger of serious physical injury" at the time of the filing of his complaint.

### B. Plaintiff made an adequate showing of imminent danger in his original complaint.

The Court found that Plaintiff had made an adequate showing of imminent danger

---

[1] The Court takes judicial notice of the following cases: McClellan v. Mountain, 1:09-cv-256-LJO-GSA (E.D. Cal.) (dismissed for failure to state a claim on Mar. 5, 2009); McClellan v. Fink, 1:08-cv-1326-WMW (E.D. Cal.) (dismissed for failure to state a claim on April 1, 2009); McClellan v. Carillo, 1:97-cv-05213-AWI-SMS (E.D. Cal.) (dismissed Mar. 28, 1998 for failure to state a claim); and McClellan v. Haviland, 1:07-cv-1607-OWW-SMS (E.D. Cal.) (dismissed for failure to state a claim on Oct. 19, 2009). A strike accrues as soon the trial court dismisses on statutorily enumerated grounds, even if the dismissal is the subject of an appeal. Coleman v. Tollefson, 135 S.Ct. 1759, at *4 (2015).

when it originally allowed him to proceed IFP. (ECF No. 4.)  In his first complaint, Plaintiff alleged that he faced an imminent danger of contracting a communicable disease because he was placed in a crowded, dirty jail with poor ventilation and surrounded by diseased inmates who engaged in unhygienic practices, such as using his toothbrush and razor. (ECF No. 1, at 21-26)  The Court concluded, under the standard set forth in Andrews, that these allegations stated "a plausible claim of ongoing harm sufficient to satisfy the imminent danger exception to § 1915(g)." (ECF No. 4, at 3 (citing Andrews, 493 F.3d at 1057)).  Though it has  reconsidered  the issue in light of Defendants' argument that Plaintiff has not shown a nexus between the danger he faced and the claims on which he sought relief, the Court again reaches the same conclusion.

As mentioned above, the Ninth Circuit has not addressed whether there must be a "nexus" between a prisoner's allegations of imminent danger and the causes of action in his complaint, much less provided guidelines for identifying such a nexus.  The Sixth Circuit has also expressed hesitation about imposing a nexus requirement on § 1915(g). Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 588 (6th Cir. 2013).  Nevertheless, multiple unpublished opinions from district courts in California have applied the "nexus" test outlined in Pettus, which allowed three strikers to proceed IFP only if (1) the alleged imminent danger was "fairly traceable" to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that danger. 554 F.3d at 298-299; see Chappell v. Fleming, No. 2:12-CV-0234, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013), findings and recommendations adopted by No. 2:12-CV-0234, 2013 WL 3872794 (E.D. Cal. July 25, 2013); Williams v. Brennan, No. 2:12-CV-2155, 2013 WL 394871, at *1-2 (E.D. Cal. Jan. 30, 2013), findings and recommendations adopted by No. 2:12-CV-2155, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013); Johnson v. Sonoma Cnty. Main

4

Adult Det. Facility, No. 14-CV-05397, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015).

Here, the Court need not decide whether Plaintiff must in fact have shown a nexus between his allegations of danger and the legal claims in his first complaint, because his allegations meet the low bar set in Pettus.  Plaintiff's original complaint alleged that his detention in the Kern County Jail was illegal and the result of intentional and malicious conduct of the original defendants.  (ECF No. 1, at 4, 9.)  He alleged that the danger he faced from jail conditions was a result of being incarcerated illegally: "[t]he false arrest and illegal custody are directly linked with being exposed to the risk of contracting HIV, H1N1, hepatitis C, lice, etc." (ECF No. 1, at 22)(underlining in original). The conditions giving rise to the imminent danger (exposure to diseased inmates and overcrowded, unsanitary conditions) were thus "fairly traceable" to his alleged imprisonment without probable cause.  Moreover, a judicial determination that Plaintiff was in fact illegally detained would "redress" the danger, because it would result in Plaintiff's release from custody.  Therefore, even if a nexus were required, the Court finds that Plaintiff's claims of imminent danger would adequately allege one.

The subsequent dismissal of Plaintiff's illegal detention and retaliation claims does not affect this conclusion.  The danger a plaintiff faces for 1915(g) purposes is assessed at the time of the filing of the first complaint.  Williams, 775 F.3d at 1188 (citing Andrews, 493 F.3d at 1053).  The substantive screening of an inmate's claims, meanwhile, is conducted separately and only after review of his entitlement to IFP status.  See 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1); Andrews, 493 F.3d at 1055; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)(finding that although Plaintiff met "imminent danger" requirement, dismissal was nonetheless appropriate because he had failed to state a claim). Moreover, logically speaking, a determination that a prisoner does not

have a valid constitutional claim is not equivalent to a determination that he is not in imminent danger: thus, while Plaintiff may not have been incarcerated illegally, he may nonetheless have faced imminent danger from bird flu or hepatitis.

Accordingly, the Court will recommend that Defendants' motion to revoke Plaintiff's IFP status be denied.

### III.    CONCLUSION & RECOMMENDATION

Plaintiff adequately alleged an imminent danger in his original complaint, so his IFP status should not be revoked.  The Court HEREBY RECOMMENDS that Defendants' motion to revoke Plaintiff's IFP status (ECF No. 83) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 10, 2015                    /s/ *Michael J. Seng*
                                                                       UNITED STATES MAGISTRATE JUDGE