UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>   Plaintiff,<br><br>   v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>   Defendant. | Case No. 1:10-cv-0386-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO AMEND THE PLEADINGS**<br><br>**(ECF No. 88)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was initiated in March 2010, and proceeds on Plaintiff's excessive force claim against Defendants Lozano, Wood, and Perkins, all of whom have appeared in the action.  (ECF Nos. 23, 71, & 73.)

Before the Court is Plaintiff's June 8, 2015 request to amend the pleadings. (ECF No. 88.)  Defendants have not filed an opposition to this motion.

**I.      LEGAL STANDARD**

A party may amend his pleading, after a responsive pleading is served, only by leave of the court, or by written consent of the adverse party, and leave shall be freely

given when justice so requires. Fed. R. Civ. P. 15(a); Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (E.D. Cal. 2012). While prejudice to the opposing party carries the greatest weight, Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013), "[f]utility alone can justify the denial of a motion to amend." Johnson, 356 F.3d at 1077; Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003).  In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Coll., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008).  Absent prejudice or a strong showing of one of the other factors, however, there is a presumption under Rule 15(a) in favor of granting leave to amend. Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## II.  PLAINTIFF'S ARGUMENTS

Plaintiff would like to amend his complaint to include medical indifference claims against Lozano, Wood, and Perkins.  He claims the bloody nose and rough treatment he allegedly received at Defendants' hands during his arrest on August 17, 2009 warranted an emergency response, but that Defendants did not treat his injuries as an emergency or summon paramedics, and that he received inadequate medical care as a result. Although Plaintiff acknowledges that his injuries were photographed and that he "was

treated for headaches, back pain, black eyes, and the painful bruising" in the aftermath of the arrest (ECF No. 88, at 1), he argues that he should have received an X-Ray, a CT scan, and/or a neurological exam. Plaintiff claims that the full extent of his injuries was not ascertained until May 2010, when an X-Ray revealed that three of his vertebrae were fractured. (ECF No. 88, at 4.) At some subsequent point, Plaintiff had to have a hip replacement, which he also attributes to Defendants' failure to summon paramedics. (ECF No. 88, at 3.)

### III.     ANALYSIS

An analysis of the facts of this case under the five factors above militates strongly against allowing Plaintiff to amend. Plaintiff's unexplained delay in moving to amend, despite multiple previous opportunities to do so, and the futility of amendment weigh in favor of denial.

Unexplained or unwarranted delay can, in itself, be evidence of bad faith sufficient to justify denial of leave to amend. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000)(citations omitted)("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)(finding "undue delay" where parties "knew or should have known the facts and theories raised by the amendment" at the time of filing the original pleading, and had no explanation for failing to raise them earlier); Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984). Similarly, repetitious motions to amend and the filing of multiple amended complaints also raise an inference of bad faith. Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1520 (9th Cir. 1983); cf., Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1053 (9th Cir. 2003)(no bad faith

where three previous complaints were not simply "alleging and re-alleging the same theories in an attempt to cure preexisting deficiencies").

Here, the injuries to which Plaintiff claims Defendants were deliberately indifferent were inflicted during his 2009 arrest. Plaintiff initially filed this lawsuit in March 2010, some seven months after the alleged assault.  Although Plaintiff states he did not become aware of the full extent of his injuries until May 2010, Defendants' conduct in inflicting the injuries formed the basis of Plaintiff's excessive force claim, and the Court sees no reason why a medical indifference claim could not also have been brought in the original complaint.  Moreover, Plaintiff amended his pleadings twice after May 2010 and before his complaint was screened, first on July 25, 2011 (ECF No. 8) and then again on February 1, 2012 (ECF No. 11), without including medical indifference claims. Plaintiff subsequently amended his complaint twice more. (ECF Nos. 13 & 21.)  Plaintiff offers no explanation for failing to include the proposed medical indifference claims in any of these 5 complaints even though, as noted, the facts were known to him and he was aware of the legal concept of medical indifference.[1] Although Plaintiff's status as a *pro se* litigant entitles him to some leniency, the Court finds that this wholly unexplained delay in raising medical indifference claims, despite being aware of their factual basis for half a decade, being aware of the cause of action, and having already filed five complaints in this action, is evidence of bad faith.

The delay alone does not appear to create substantial prejudice, in the traditional sense, to Defendants. An amended pleading prejudices the opposing party where it creates additional discovery burdens, exposes the party to greater liability, or

---

[1] Plaintiff did raise one medical indifference claim in his Third Amended complaint, alleging that County medical and correctional staff failed to provide him with eyeglasses for several months.  (ECF No. 14, at 14.)  This claim was dismissed and not subsequently amended.  (ECF Nos. 14 & 23.)

4

necessitates the expenditure of considerably more time and money to defend the claim than if the claim had been raised earlier. See Jackson, 902 F.2d at 1387; Coleman, 232 F.3d at 1295; In re Cir. Breaker Litig., 175 F.R.D. 547, 551 (C.D. Cal. 1997).  Here, the factual basis for Plaintiff's medical indifference claim appears to overlap with the factual basis for his excessive force claim. So, if added, the claim would not likely require substantial additional discovery.  Moreover, discovery does not close until October, so Defendants might still have time to develop evidence needed to defend such a claim. Still, after a party has litigated a case for some five years, few would deny the inherent prejudice in having to confront, and prepare to rebut, a wholly new legal theory only a few months before the end of discovery and dispositive motion filing deadlines, especially where the party has been given, and has taken, so many previous opportunities to amend; in those circumstances, the defense reasonably should be able to believe all claims had been brought and made ripe for disposition. Certainly, it would be disconcerting at this late date to have to reevaluate the case and prepare to meet, perhaps with dispositive motions, discovery, expert witnesses, etc., an entirely new theory **needlessly** raised at the last minute.

The futility of amendment weighs strongly in favor of denying leave to amend. "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).  Here, applying the same standards the Court applies in screening *pro se* prisoner complaints under 28 U.S.C. § 1915A, the legal basis for Plaintiff's claim appears tenuous, and the Court would not recommend that Plaintiff's purported medical indifference claim go forward as postured. Plaintiff's motion to amend does not allege Defendants denied his requests for medical care or that they purposefully ignored his

5

injuries after his arrest. See, e.g., Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Estate of Prasad ex rel. Prasad v. Cnty. of Sutter, 958 F.Supp.2d 1101, 1112-1113 (E.D. Cal. 2013). To the contrary, Plaintiff indicates that he was brought to medical staff at the jail, where he was treated "for headaches, back pain, black eyes, and the painful facial bruising." (ECF No. 88, at 1.) Even if, as Plaintiff alleges, Defendants were negligent, or even grossly negligent, in their provision of care at the scene of arrest, a medical indifference claim would not lie. See Simmons v. Navajo Cty., 609 F.3d 1011, 1019 (9th Cir. 2010)(negligence or even gross negligence in administering medical care does not violate the Eighth Amendment); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)(same). An inmate's disagreement with prison staff regarding what treatment is medically appropriate, meanwhile, does not amount to a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, the decision about whether or not to order X-Rays, a CT scan, or a neurological examination is not one for which Defendants reasonably could be held responsible. Lozano is a parole agent, and Wood and Perkins are police officers; they would not have authority to order diagnostic tests or make treatment decisions regarding Plaintiff.

Permitting Plaintiff to amend his complaint to include medical indifference claims against Defendants appears futile. This futility, along with Plaintiff's undue delay in raising his claims and the likelihood of some prejudice to Defendants if amendment were permitted, persuades the Court that Plaintiff's motion to amend should be denied.

## IV.     CONCLUSION & RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS THAT Plaintiff's request

to amend the pleadings (ECF No. 88) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 13, 2015          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE