1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

GREGORY MCCLELLAN,

Case No. 1:10-cv-0386-LJO-MJS (PC)

12

Plaintiff,

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

13

v.

14

KERN COUNTY SHERIFF'S OFFICE, et al.,

**(ECF No. 89)**

15

Defendant.

**THIRTY (30) DAY DEADLINE**

16
17
18

    Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

19
20

action pursuant to 42 U.S.C. § 1983.  The action proceeds on Plaintiff's excessive force

21

claim against Defendants Lozano, Wood, and Perkins, who have appeared in the action.

22

(ECF Nos. 23, 71, & 73.)

23

    On June 12, 2015, Defendants filed a motion to compel further responses to

24

interrogatories.  (ECF No. 89.)  Plaintiff opposed the motion on June 29, 2015. (ECF No.

25

92.) Defendants filed a reply on July 6, 2015. (ECF No. 96.)

26

I.    **LEGAL STANDARD**

27
28

    The discovery process is subject to the overriding limitation of good faith. Asea,

1

Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

## II.    PLAINTIFF'S CLAIMS

Plaintiff alleges that Defendants Lozano Wood and Perkins slammed Plaintiff to the pavement when they arrested him on August 17, 2009.  Defendant Wood and Perkins twisted Plaintiff's arms behind his back and placed their knees on his back.

1
2

Plaintiff knelt on the ground and Defendant Lozano tackled him.  Plaintiff has had

serious lingering physical injuries and mental health issues since the incident.

3

**III.    DEFENDANTS' MOTION TO COMPEL**

4
5
6
7
8
9

On March 6, 2015, Defendant Woods served a first set of interrogatories on

Plaintiff, who filed timely responses.  Defense counsel wrote two letters to Plaintiff

outlining alleged deficiencies in these responses and requesting supplemental

responses.  Plaintiff replied to both letters, indicating that he had responded fully and

declining to provide any additional information.

10
11
12
13
14
15
16
17
18
19
20
21
22

Defendants now move to compel, arguing that "Plaintiff's discovery responses are

entirely inadequate." (ECF No. 89, at 4.)  Defendants point out that Plaintiff has not

complied with Local Rule 250.2(a), which sets forth the proper format for filing answers

or objections to interrogatories, and that he has not properly verified the contents of his

interrogatory responses.  They argue that Plaintiff's responses to Interrogatories No. 1-4,

12, and 17-21 impermissibly refer to or incorporate other documents, including the

complaint; that Plaintiff's response to Interrogatory No. 8 is not complete; that his

responses to Interrogatories Nos. 14-16 and 22 impermissibly withhold information on

the grounds that Defendants have independent access to it; and that Plaintiff has not

provided required facts in his response to Interrogatory No. 23.  The Court examines

these contentions below.

23

**A. Local Rule 250.2**

24
25
26
27
28

Local Rule 250.2(a) requires the party propounding interrogatories to include a

blank space after each question to enable the answering party to insert his responses or

objections. The answering party then has two choices: he may either use the spaces

provided for his responses, or he "shall *retype the interrogatories along with the answers*

*and/or objections.*"  Local Rule 250.2(a)(emphasis added).  Plaintiff did neither.  Instead, his retyped responses omit the interrogatories entirely. (ECF No. 89-2, at 13-16.)  This violates Local Rule 250.2, and makes it difficult for anyone reading Plaintiff's responses to ascertain the question he is purporting to answer.  The supplemental responses Plaintiff should submit in response to this order must comply with Local Rule 250.2, and include not only responses or objections, but the interrogatory itself.

## B. Verification

Fed. R. Civ. P. 33(b)(3) requires interrogatory answers to be "answered separately and fully in writing under oath."  Where the answers are not sworn or notarized, such oaths should take substantially the following form:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

28 U.S.C. § 1746(2); Ayuso-Figueroa v. Rivera-Gonzalez, 456 F.Supp.2d 309, 315 (D.P.R. 2005); see also, e.g., Davenport v. Bd. of Trustees of St. Ctr. Cmty. Coll. Dist., 654 F.Supp. 2d 1073, 1083 (E.D. Cal. 2009); Deseret Mgmt. Corp. v. United States, 75 Fed. Cl. 571, 574-575 (Fed. Cl. 2007).

Plaintiff's oath states that he "swear[s] under penalty of perjury" that his interrogatory answers are "answered fully." (ECF No. 89-2, at 17.)  This wording is ambiguous, and leaves room for doubt regarding whether Plaintiff has attested to the *truth* of his interrogatory answers.  See Deseret Mgmt. Corp., 75 Fed. Cl. At 574 (requiring defendant to change the language of his oath, where previous phrasing "create[d] questions about the completeness of the answers and whether the answers will ultimately bind the party making them"). Upon submitting supplemental interrogatory responses, Plaintiff must include a new oath that includes the language quoted above.

4

**C.   Interrogatories 1-4, 12, and 17-21: Incorporation by Reference**

**1.   Interrogatory No. 1**
         Please state all facts which support your claim that defendant Louis Woods used excessive force as alleged in your complaint.
     **a.  Plaintiff's Response**
         See paragraphs 2-6 as stated in the Fourth Amended Complaint filed under case no. 1:10-cv-00386-LJO-MJS (PC).

**2.  Interrogatory No. 2**
         Please identify all persons who can support your claim that defendant Louis Woods used excessive force as alleged in your complaint.
     **b. Plaintiff's Response**
         Same Response as above to Interrogatory No. 1.

**3.  Interrogatory No. 3**
         Please state all facts which support your claim that defendant Kenneth Perkins used excessive force as alleged in your complaint.
     **a.  Plaintiff's Response**
         Same Response as above to Interrogatory No. 1.

**4.  Interrogatory No. 4**
         Please identify all persons who can support your claim that defendant Kenneth Perkins used excessive force as alleged in your complaint.
     **a.  Plaintiff's Response**
         Same Response as above to Interrogatory No. 1.

**5.  Interrogatory No. 12**
         Please describe all special damages which you believe you have incurred as a result of the subject incident.
     **a.  Plaintiff's Response**:
         All damages are listed in FAC on page 3.

**6.  Interrogatory No. 17**
         Please identify all witnesses to this incident.
     **a.  Plaintiff's Response**
         Sergeant Leonard Larson, BP.D. (Badge #573) informed defendants LOZANO, WOOD (or WOODS), and PERKINS, to not file any charges because 'excessive force' used. Plaintiff himself heard the conversation between arresting defendants and Sergeant Larson. Court records and Pitchess Motion, pictures, etc., reveals and supports 'excessive force' civil rights violations. Also see paragraph 5 of FAC, page 4.

**7.  Interrogatory No. 18**
         Please state all facts which support your claim that you are entitled to damages from defendant Louis Woods.
     **a.  Plaintiff's Response**

Same for Interrogatory No. 17. Also see paragraphs 2-6 of FAC.

**8.  Interrogatory No. 19**
Please identify all persons who can support your claim that you are entitled to
damages from defendant Louis Woods.
**a.  Plaintiff's Response**
Same for Interrogatory No. 17. Also see paragraphs 2-6 of FAC.

**9.  Interrogatory No. 20**
Please state all facts which support your claim that you are entitled to damages from defendant Kenneth Perkins.
**a.  Plaintiff's Response**
Same for Interrogatory No. 17. Also see paragraphs 2-6 of FAC.

**10. Interrogatory No. 21**
Please identify all persons who can support your claim that you are entitled to damages from defendant Kenneth Perkins.
**a.  Plaintiff's Response:**
Same for Interrogatory No. 17. Also see paragraphs 2-6 of FAC.

**11. Defendants' Objections to Interrogatories 1-4, 12, and 17-21 are
   substantially identical:**
"Plaintiff's response is improper.  He is required to provide an answer to the interrogatory which is complete in itself and he should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 93 (1st Cir. 2012); Scaife v. Boenne, 191 F.R.D. 590, 594. (N.D. Ind. 2000).
Plaintiff should be ordered to amend his response accordingly."
Defendants also argue that Interrogatory No. 17 is non-responsive, and that Plaintiff should be required to provide the names, addresses, and telephone numbers of any witnesses.

**12. Analysis**

The Court agrees that Plaintiff's responses to Interrogatories 1-4, 12, and 17-21 are

insufficient because they refer either to his complaint or to responses to previous

interrogatories.  Rule 33(b)(3) requires *each* interrogatory to be answered *separately and

fully*, without reference to other interrogatories or documents.  Mulero-Abreu v. P.R.

Police Dep't, 675 F.3d 88, 93 (1st Cir. 2012)("answering interrogatories simply by

directing the proponent to rummage through other discovery materials falls short of the

obligations imposed by Rule 33"); United States ex rel. O'Connell v. Chapman

6

University, 245 F.R.D. 646, 650 (C.D. Cal. 2007)("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories").

References to statements in a complaint are also problematic because such statements are mere allegations; an interrogatory response, by contrast, contains facts that Plaintiff has verified under penalty of perjury are true and correct to the best of his knowledge. Hash v. Cate, No. C 08-03729, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012); see also Guerrero v. McClure, No. CIV S-10-0318 GEB, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011).  Plaintiff must be specific as to the amount of damages he is requesting, and may not merely refer Defendants to other documents where he has enumerated the damages sought.  See Ray v. Wash. Nat'l Ins. Co., 190 F.R.D. 658, 665 (D. Mont. 1999); Beckner v. El Cajon Police Dep't, No. 07cv509, 2008 WL 2033708, at *6 (S.D. Cal. May 9, 2008).

Accordingly, Plaintiff will be ordered to provide good faith, supplemental responses to Defendants' interrogatories, omitting references to other documents, and specifying as clearly as possible the facts requested by each interrogatory. See Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

The Court also agrees the Plaintiff's response to Interrogatory No. 17 is non-responsive, and orders him to provide the names and last known addresses and phone numbers of all witnesses.  If he is not in possession of requested information, he should so state in his response to that particular interrogatory.

### D. Interrogatory No. 8: Medical History

**1. Interrogatory No. 8**
Please identify any and all health care providers, including but not limited to medical doctors, psychologists, psychiatrists or other medical practitioners and medical and psychological facilities, you have consulted with or have been treated by in the past ten (10) years.

**a. Plaintiff's Response**
Health Care providers are CDCR and Kern County Sheriff Department.

**2. Defendants' Objections**
This interrogatory asks for all health care providers who have treated the Plaintiff for the last ten years, not just relating to this incident. Plaintiff should be ordered to amend his response to include all health care providers whom he has seen in the last ten years.

**3. Analysis**

The Court will grant the motion to compel as to Interrogatory No. 8. Plaintiff's complaint attributes the onset of post-traumatic stress disorder, as well as serious physical injuries, including three broken vertebrae and a hip replacement, to Defendants' alleged use of excessive force. The medical care Plaintiff received after the arrest is relevant to the question of damages; Plaintiff's pre-arrest care is relevant to determining which injuries were actually the result of force used during Plaintiff's arrest. See Gatewood v. Stone Container Corp., 170 F.R.D. 455, 460 (S.D. Iowa 1996). In addition, Defendants requested the names of individual health providers, not merely the agencies that employed them. Accordingly, the Court will order Plaintiff to supplement his interrogatory responses with the names, specialties, and place of employment of the medical and mental health staff who have treated him, in and outside of prison, for last decade.

### E. Interrogatories 14-16: Criminal Records and History

**1. Interrogatory No. 14**
Please identify each and every felony you have been convicted of, including (a) the city and state where you were convicted; (b) the date of conviction; (c) the offense; (d) the court and case number.

**a. Plaintiff's Response**

8

Response in accord with Court Order; Defendants have full access to this information, as they are peace officers.

**2. Interrogatory No. 15**

Please identify each and every misdemeanor you have been convicted of, including (a) the city and state where you were convicted; (b) the date of conviction; (c) the offense; (d) the court and case number.

**a.  Plaintiff's Response**

Defendants have full access to this information, as they are peace officers.

**3. Interrogatory No. 16**

Were you on parole at the time of the subject incident? If so, please identify: (1) the name of your parole officer or agent; (2) any and all terms of your parole; (3) the date your parole commenced; and (4) the date your parole ended.

**a.  Plaintiff's response**

Defendant[s] have full access to this information, as they are peace officers.

**4.   Interrogatory No. 22**

Please state each and every time when you have been incarcerated, including the dates of incarceration, conviction, and place of incarceration.

**a.  Plaintiff's Response**:

Defendants have full access to this information, as they are peace officers.

**b.   Defendants' Objections to Interrogatories 14, 15, 16, and 22 are substantially identical:**

"Defendants do not know what Court Order Plaintiff is referring to in his response [to Interrogatory No. 14].  Further, Plaintiff is required to respond to this interrogatory whether or not another party may have access to some of the information. Surely, he is aware of his own criminal history and he is required to so state. Reference to information in the possession of government agencies, without also producing the information or documents, does not justify any refusal to provide a substantive, narrative response under Fed. R. Civ. P. 33.

Further, Plaintiff's response that the Defendants have full access to information regarding the Plaintiff's criminal history is equally flawed. Defendants have no knowledge regarding the Plaintiff's criminal history outside of any arrests made by the Bakersfield Police Department, do not know what crimes the Plaintiff has been convicted of, etc.

However, this information is unarguably discoverable.  Plaintiff's criminal history goes directly to not only his credibility but to liability and damages in this case. While a complete and honest response to this interrogatory may be embarrassing to the Plaintiff or shed [sic] him in an unfavorable light, he is required to provide a complete and further response to this interrogatory. Plaintiff should be ordered to amend his response accordingly."

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**5.  Analysis**

Defendants' objections to Interrogatories 14, 15, and 16 are well taken.  Although Defendants' positions as peace officers may give them some access to Plaintiff's parole or conviction history, Plaintiff provides no evidence that they have access to all of it. Meanwhile, Plaintiff's conviction history is relevant for impeachment purposes. Fed. R. Evid. 609.  His status as a parolee may likewise be relevant to establishing whether the arrest, and potentially the use of force, by Defendants was warranted.  Therefore, Plaintiff must supply the requested information regarding his prior felony and misdemeanor convictions, as well as the details of his parole status, in supplemental responses.  See Del Campo v. Am. Corrective Counseling Svcs., No. C 01-21151, 2008 WL 2038047, at *5 (N.D. Cal. May 12, 2008); Wyatt v. City of Richland Police Dep't, No. CV-05-5013, 2005 WL3118123, at *1 (E.D. Wash. Nov. 22, 2005).

However, Defendants have not provided support for the relevancy of the places where Plaintiff was previously incarcerated, as requested in Interrogatory No. 22. As stated above, Defendants may impeach Plaintiff's testimony with evidence of his prior convictions.   However, Defendants may not impeach Plaintiff with prior arrests or charges of which he was not convicted.  See Wyatt, No. CV-05-5013, 2005 WL3118123, at *1.  It is not clear what relevance even post-conviction places of incarceration would have, beyond the relevance of the convictions themselves, and Defendants have not provided any information on this point.  Accordingly, the Court will deny Defendants' motion to compel as to Interrogatory No. 22, and Plaintiff need not supplement his response to that interrogatory.

**F.  Interrogatory No. 23: Incorporation of Requests for Admission**

**1.  Interrogatory No. 23**

10

1

2
        For each Plaintiff's Response to each request for admission served
with these interrogatories that is an unqualified admission:
        (a) state the number of the request;
        (b) state all facts upon which you base your Plaintiff's Response;
        (c) state the names, addresses , and telephone numbers of all
persons who have
knowledge of those facts;
        (d) Identify all documents and other tangible things that support your
Plaintiff's Response and state the name, address, and telephone number
of the person who has each document or thing.
**b. Plaintiff's Response**
        There are no unqualified admissions, as the plaintiff's responses are
based on his own information and what he actually heard or seen or
experienced himself. Sergeant Leonard Larson (Badge #573), took
photographs of plaintiff's injuries and talked to plaintiff, Sergeant Leonard
Larson (Badge #573) concluded that the arresting defendants used
'excessive force'. The photographs taken by Sergeant Larson are
consistent with the allegations that are contained in the civil rights
complaint.  The Kern County Superior Court also concluded that plaintiff
stated a case for 'excessive force' in his Pitchess Motion (BF-131041A)
and allowed plaintiff to look into the personnel records of three
defendants (both WOODS and PERKINS had similar incidents like the one
involving plaintiff on 8-17-2009).
**a.  Defendants' Objections**
        Plaintiff has denied each and every request for admission served on
him. As such, he is required to provide the facts, identity of witnesses, and
documents that support each and every denial separately.

## 2. Analysis

The Court will deny the motion to compel as to Interrogatory 23.  As an initial

matter, Defendants have not included all requests for admission along with the motion to

compel.  See ECF No. 89-2, at 28-30(addressing Plaintiff's denials of Requests for

Admission 13-16).  Thus, the Court has no means of evaluating Plaintiff's denials, or

even of determining how many requests for admission were served on Plaintiff.

In addition, the Court finds problematic Defendants' incorporation by reference of

numerous requests for admission into the interrogatories.  Rule 33(a) limits the number

of interrogatories one party may serve on another to 25. Where an interrogatory asks the

responding party to provide the basis for denials of requests for admission, there is a

11

1
2
3
4
5
6
7
8

presumption that each of the underlying requests for admission counts as a separate interrogatory. See Safeco of Am. v. Rawstron, 181 F.R.D. 441, 446 (C.D. Cal. 1998); Makaeff v. Trump Univ., LLC, No. 10-CV-0940 2014 WL 3490356, at *5 (S.D. Cal. July 11, 2014).   Here, Defendant appears to have served at least 16 requests for admission, and in the absence of complete information about them, the Court will treat each as a separate interrogatory, putting the number of interrogatories above the limit in Rule 33(a).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        The distinct purposes of interrogatories and requests for admission support this treatment.  See Safeco, 181 F.R.D. at 445 (C.D. Cal. 1998); Makaeff, 2014 WL 3490356, at *4. "Strictly speaking, Rule 36, [which governs requests for admission,] is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." Safeco, 181 F.R.D. at 445 (citations omitted).  "Allowing service of an interrogatory which requests disclosure of all the information on which the denials of… requests for admissions were based essentially transforms each request for admission into an interrogatory.  This is not the purpose requests for admission were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admission that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)." Safeco, 181 F.R.D. at 445; Makaeff, 2014 WL 3490356, at *7; see also Jadwin v. Cnty. of Kern, No. 1:07-cv-0026 2008 WL 3820288, at *2 (E.D. Cal. Aug. 8, 2008)(concluding that interrogatory requiring Defendants to state all facts on which unqualified admissions in 290 requests for admission were based was "oppressive or unduly burdensome").

27
28

Accordingly, the Court will deny the motion to compel as to Interrogatory No. 23, and will not require Plaintiff to supplement his response to it

## I.   CONCLUSION & ORDER

The Court GRANTS Defendants' motion to compel (ECF No. 89) as to Interrogatories Nos. 1-4, 8, 12, and 14-21, to which Plaintiff must file supplemental responses.  The Court DENIES the motion to compel as to Interrogatories Nos. 22 and 23.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Defendants' motion to compel (ECF No. 89) is GRANTED IN PART and DENIED in PART;

2.  Plaintiff shall provide further responses to Interrogatories Nos. 1-4, 8, 12, and 14-21  within **thirty (30) days** of service of this order;

3.  Defendants may, but need not, file a further motion to compel within **fourteen (14) days** of service of Plaintiff's further response.

IT IS SO ORDERED.

Dated:   __July 27, 2015__                     /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE