UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendant. | Case No. 1:10-cv-0386-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**(ECF No. 101)** |

Plaintiff is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was initiated in March 2010, and proceeds on Plaintiff's excessive force claim against Defendants Lozano, Wood, and Perkins, all of whom have appeared in the action.  (ECF Nos. 23, 71, & 73.)

Before the Court is Plaintiff's July 15, 2015 motion for sanctions. (ECF No. 101.) Defendants filed an opposition on July 31, 2015.  (ECF No. 110.) Plaintiff did not file a reply.

I.　　**LEGAL STANDARD**

Rule 11 of the Federal Rules of Civil Procedure permits a party to move for sanctions when the opposing party has filed, *inter alia*, a frivolous motion. See Fed R.

1

Civ. P. 11(b)(2), (c)(2). Before filing a motion for sanctions with the court, however, the party must first serve it on the opposing party and allow the opposing party a "safe harbor" of 21 days in which to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); see also, e.g., Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003). The safe harbor provision is mandatory. Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1152 (9th Cir. 2002); Radcliffe v. Rainbow, 254 F.3d 772, 789 (9th Cir. 2001). A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions. Holgate v. Baldwin, 425 F.3d 671, 678-679 (9th Cir. 2005); Radcliffe, 254 F.3d at 789.

## II.  ANALYSIS

Plaintiff moved for sanctions under Fed. R. Civ. P. 11 on the ground that Defendants' motion to revoke his *in forma pauperis* status (ECF No. 83) was "baseless and frivolous."

Plaintiff did not comply with the safe harbor provision of Rule 11. The certificate of service accompanying his motion for sanctions is dated July 12, 2015. (ECF No. 101, at 7.) The motion was filed on July 15, 2015. (ECF No. 101, at 1.) Plaintiff did not give Defendants 21 days to correct or withdraw their filings. Therefore, Plaintiff is not entitled to sanctions, see, e.g. Holgate, 425 F.3d at 679, and the Court will deny his motion.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's July 15, 2015 motion for sanctions (ECF No. 101) is DENIED.

IT IS SO ORDERED.

Dated:   August 31, 2015            /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE