UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendant. | Case No. 1:10-cv-0386-LJO-MJS (PC)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO REVOKE IFP STATUS.**<br><br>**(ECF No. 97)** |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's excessive force claim against Defendants Lozano, Wood, and Perkins, all of whom have appeared in the action. (ECF Nos. 23, 71, & 73.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2015, the Magistrate Judge issued findings and recommendations ("F&Rs") (ECF No. 97) to deny Defendants' motion to revoke Plaintiff's IFP status. (ECF

1

No. 83). Defendants filed objections on July 27, 2015. (ECF No. 104.) Plaintiff moved for, and obtained, an extension of time to reply to these objections (ECF Nos. 114 & 116), but never actually filed a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court adopts in part and declines to adopt in part the F&Rs and instead GRANTS Defendants' motion to revoke Plaintiff's IFP status.

As the F&Rs correctly explain, Defendants move to revoke Plaintiff's IFP status on the ground that he has accrued three strikes and his pleadings do not satisfy the "imminent danger" exception outlined in 28 U.S.C. § 1915(g) ("Section 1915(g)"). Specifically, Section 1915(g) limits the availability of IFP status for certain inmates, providing that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he will not be eligible for IFP status unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The F&Rs correctly conclude that Plaintiff has three strikes. (Doc. 97 at 3 & n.1.)

In evaluating whether the imminent danger exception applies, the "nexus" test outlined in *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009), which allows three strikers to proceed IFP only if (1) the alleged imminent danger was "fairly traceable" to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that danger, controls here. (*See* Doc. 97 at 4 (citing numerous cases from this District).)[1] However, the Court does not agree with the F&Rs conclusion

---

[1] The F&Rs assumed, *arguendo*, that *Pettus* provides the controlling standard. Here, the Court

that the *Pettus* standard is satisfied here. The F&Rs reasoned that the danger Plaintiff claims to face from jail conditions was a result of being incarcerated illegally. *Id.* at 5 (citing Doc. 1, at 22 ("[t]he false arrest and illegal custody are directly linked with being exposed to the risk of contracting HIV, H1N1, hepatitis C, lice, etc.").) The F&Rs further found:

> The conditions giving rise to the imminent danger (exposure to diseased inmates and overcrowded, unsanitary conditions) were thus "fairly traceable" to his alleged imprisonment without probable cause. Moreover, a judicial determination that Plaintiff was in fact illegally detained would "redress" the danger, because it would result in Plaintiff's release from custody.

(Doc. 97 at 5.)

*Pettus* specifically disclaims that such a scenario creates a sufficient nexus. While the Second Circuit found that some of Pettus' claims did satisfy the nexus test (e.g. his claims against a high-level correctional official for failing to properly oversee jail administration), it also held that "[t]he bulk of Pettus's claims for relief are directed at asserted wrongs—such as his allegedly <u>improper prosecution</u> and inmate classification—that are much too attenuated from the imminent danger of serious physical injury he alleges to conclude that this danger may fairly be traced back to the asserted wrongs." 554 F.3d at 299 (emphasis added). Likewise, Plaintiff's improper detention is too attenuated from any form of imminent danger Plaintiff claims to be facing while incarcerated. On the current record, the Court finds no nexus between Plaintiff's alleged false arrest/unlawful custody and any imminent danger claimed by Plaintiff. To

---

affirmatively finds that *Pettus* controls, following other district courts that have so found. *See Chappell v. Fleming*, No. 2:12-CV-0234, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013), findings and recommendations adopted by No. 2:12-CV-0234, 2013 WL 3872794 (E.D. Cal. July 25, 2013); *Williams v. Brennan*, No. 2:12-CV-2155, 2013 WL 394871, at *1-2 (E.D. Cal. Jan. 30, 2013), findings and recommendations adopted by No. 2:12-CV-2155, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013); *Johnson v. Sonoma Cnty. Main Adult Det. Facility*, No. 14-CV-05397, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015).

find otherwise would render the nexus standard meaningless in practice, as it would be satisfied in every false arrest/unlawful custody case.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts in part and declines to adopt in part the F&Rs (ECF No. 97), filed July 10, 2015;

2. Defendants' motion to revoke Plaintiff's IFP status (ECF No. 83), filed May 18, 2015, is GRANTED;

3. Plaintiff is directed to pay the filing fee of $400.00 within twenty-one (21) days of service of this order; Plaintiff is warned that failure to pay the filing fee will result in dismissal without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 28, 2015**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

4