UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendant. | Case No. 1:10-cv-0386-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES ON DEFENDANTS**<br><br>**(ECF No. 112)** |

　　　Plaintiff is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was initiated in March 2010, and proceeds on Plaintiff's excessive force claim against Defendants Lozano, Wood, and Perkins, all of whom have appeared in the action.  (ECF Nos. 23, 71, & 73.)

　　　Before the Court is Plaintiff's August 6, 2015 motion to propound additional interrogatories on Defendants. (ECF No. 112.) Defendants Wood and Perkins filed an opposition on August 13, 2015 (ECF No. 115), and Defendant Lozano filed an opposition

on August 28, 2015. (ECF No. 121.)  Plaintiff did not file a reply.

## I. LEGAL STANDARD

Fed. R. Civ. P. 33(a)(1) limits to 25 the number of interrogatories one party may serve on another.  An interrogatory need not be answered, but merely served and properly objected to, in order to count against the numerical limit. Walker v. Condominium Owners Ass'n, 186 F.R.D. 584, 586-587 (C.D. Cal. 1999).  If a party wishes to serve additional interrogatories, he or she must obtain leave from the Court to do so. Fed. R. Civ. P. 33(a)(1).  Although a *pro se* litigant need not make a "particularized showing" that he is entitled to propound additional interrogatories, see McNeil v. Hayes, No. 1:10-cv-01746, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014), he must nonetheless demonstrate good cause. See Fed. R. Civ. P. 26(b)(1); Cantu v. Garcia, 2013 WL101667, No. 1:09cv00177, at *3 (E.D. Cal. Jan. 8, 2013); Eichler v. Tilton, No. CIV S-06-2894, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010).  An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories.  See McNeil, 2014 WL 1125014, at *2.

## II. ANALYSIS

In support of his request to serve additional interrogatories, Plaintiff claims he misunderstood Rule 33, believing he was allowed to serve twenty-five interrogatories per *set*, not *in toto.* He also argues that he should be entitled to additional interrogatories because of his limited financial means to depose defendants and that the Court treat his request with leniency because of his *pro se* status.

Plaintiff's arguments are unavailing.  Defendants' oppositions indicate that Plaintiff served well over 25 interrogatories in many of his sets, and that the excess

2

interrogatories were properly objected to for violating Rule 33(a)(1), belying Plaintiff's claimed misunderstanding of the 25-interrogatory limit. See ECF No. 121-2 (34 interrogatories in second set served on Defendant Lozano); ECF No. 115-1, at 47-54 (61 interrogatories in second set served on Defendant Perkins); ECF No. 115-1, at 18-25 (61 interrogatories in second set served on Defendant Woods). Thus, Plaintiff has already served many more interrogatories than Rule 33 permits without having sought the Court's leave to do so.

In addition, Plaintiff has been paroled, so his ability to conduct depositions is no longer restricted. (ECF No. 120.)

Plaintiff's *pro se* status, moreover, is not a free pass for discovery rules to be relaxed in his favor, especially when he has shown considerable reluctance in providing discovery to Defendants, who have now filed not one, but two, motions to compel. See ECF Nos. 89, 106, & 123; see also In re Linder, 215 B.R. 826, 831 (B.A.P. 6th Cir.1998)(citations omitted)("while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, … there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."); Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012).

Finally, Plaintiff has not established good cause for serving 25 additional interrogatories. He says, vaguely, that his proposed interrogatories will "clarify a few factual matters the defendants are refusing to answer," but does not specify what these factual matters are, why he did not ask about them in his first 25 interrogatories, or why he could not seek this information through other discovery tools. See Eichler, 2010 WL 457334, at *1.

3

### III.  CONCLUSION

Accordingly, the Court HEREBY DENIES Plaintiff's motion for leave to serve additional interrogatories. (ECF No. 112.)

IT IS SO ORDERED.

Dated:   September 28, 2015         /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE