UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-0386-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF NO. 128)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. At the time that he filed suit on March 4, 2010, Plaintiff was incarcerated and had accrued three strikes pursuant to 28 U.S.C. § 1915(g). Although he was initially granted leave to proceed in forma pauperis (ECF No. 4), the order to that effect was revoked on September 28, 2015 after it was determined that Plaintiff's complaint did not satisfy the "imminent danger" exception outlined in 28 U.S.C. § 1915(g). (ECF No. 124.) Plaintiff was thus directed to pay the filing fee of $400 or his case would be dismissed without prejudice for failure to prosecute.

In response to the Court's September 28, 2015, order, and in light of his recent release from prison, Plaintiff has now filed a second motion to proceed in forma pauperis. (ECF No. 128.) Plaintiff contends that since he has been released from prison, 28 U.S.C. § 1915(g) is no longer applicable to him, and he should therefore be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(1). Defendant opposes the motion.

The in forma pauperis statute, 28 U.S.C. § 1915, distinguishes unincarcerated indigent people from incarcerated ones. Under § 1915(a)(1), a non-prisoner plaintiff may file suit without prepaying fees, provided he or she submits an affidavit demonstrating "that the person is unable to pay such fees or give security therefor." Escobedo v. Applebees, 787 F.3d 1226, 1232 (9th Cir. 2015); Ingle v. Cir. City Stores, Inc., 328 F.3d 1165, 1177 (9th Cir. 2003). An indigent prisoner, by contrast, is not exempt from prepayment. 28 U.S.C. § 1915(b)(1). Instead, the prisoner must submit a copy of his or her trust account statement, make an initial upfront payment, followed by subsequent monthly installments, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2). An indigent prisoner is also subject to the limitations imposed by 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff, as a "three-striker," is subject to this latter provision.

Plaintiff's argument that 28 U.S.C. § 1915(g) does not apply to him because he is no longer incarcerated is unavailing. Whether or not he is incarcerated now is immaterial since the relevant inquiry is whether he was incarcerated at the time that he filed this action.

In a related context, the Ninth Circuit was asked to consider the availability of 28 U.S.C. §1915(g)'s "imminent danger" exception to a plaintiff who was released from prison after filing suit:

> The PLRA provides that a prisoner with three strikes cannot use IFP status to "*bring* a civil action ... unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases added). The exception's use of the present tense, combined with its concern only with the initial

2

> act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint. See United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (noting the use of tenses in statutes generally is significant and "one would not refer in the present tense to something that had already happened" (citing The Dictionary Act, 1 U.S.C. § 1)). In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. **Andrews's removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis.**

Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007) (emphasis added.) As the court noted, "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)." Id. at 1053. In the absence of controlling authority holding otherwise, the undersigned sees no reason to impose a different standard for the rule than for the exception. Plaintiffs' subsequent release from prison, therefore, does not alter the Court's analysis regarding his inability to proceed in forma pauperis in light of his three-striker status and his failure to satisfy the "imminent danger" exception.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 128) is DENIED; and
2. Pursuant to the September 28, 2015, Order, Plaintiff is directed to pay the filing fee of $400.00 within **fourteen (14) days** of service of this order; Plaintiff is again warned that failure to pay the filing fee will result in dismissal without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:   January 15, 2016       /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE